UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN T. HALLIGAN )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>SHERIFF MATT MYERS )<br>)<br>Defendant ) | CAUSE NO.: 1:21-cv-1008-TWP-TAB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Comes now the defendant, Sheriff Matt Myers by counsel, and submits his memorandum in support of his motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.    INTRODUCTION**

*Pro se* plaintiff Ryan Halligan alleges he was housed in two holding cells and a segregation cellblock at the Bartholomew County jail in violation of his due process rights. The sole defendant is sheriff Matt Myers. The complaint pleads no facts to establish that sheriff Myers personally determined Halligan's housing assignments or that his rights were violated pursuant to an unconstitutional policy or custom of the sheriff. Because the complaint does not state an individual or *Monell* claim against Myers, he is entitled to dismissal.

**II.    PLEADINGS AND PROCEEDINGS**

Halligan filed his *pro se* complaint on March 24, 2021 in Bartholomew Superior Court against sheriff Matt Myers [Doc. 1-1 at 5-9]. The complaint alleges Halligan was arrested on October 27, 2020 and booked into the Bartholomew County jail [Doc. 1-1 at 6]. He was put in

holding cell 3 and then moved to holding cell 7 on October 31, 2020 where he remained until November 20 [Doc. 1-1 at 6]. Per the complaint, while he was in a holding cell Halligan was not let out for an hour per day for exercise [Doc. 1-1 at 6]. On November 20, he was moved to J block which is a segregation block where he was locked down 23 hours per day [Doc. 1-1 at 6]. Halligan alleges he has remained in administrative segregation since his arrest without a disciplinary hearing or having committed a jail rule violation [Doc. 1-1 at 6]. Nor was he given a 30-day review by a committee or board [Doc. 1-1 at 6]. The complaint alleges that these events violated Halligan's rights guaranteed by various provisions of the United States Constitution and that Halligan was waiving any state law claims [Doc. 1-1 at 7-9].

As to Myers, the complaint alleges only that he is a citizen of Indiana and is "employed" by the Bartholomew County sheriff's department [Doc. 1-1 at 5]. It does not identify any act by Myers personally or any custom or policy of the sheriff's office that Halligan contends resulted in his housing assignments or the conditions under which he was housed in each location.

Service of process was issued on March 25, 2021 [Doc. 1-1 at 12]. Counsel for Myers appeared on March 30 [Doc. 1-1 at 15-18]. Myers removed the case to this Court on April 23 [Doc. 1]. This Court screened the complaint on April 28 and found that a Fourteenth Amendment claim could proceed [Doc. 9 at 2]. The screening order also provided that Myers was granted until May 21 to respond to the complaint [Doc. 9 at 2].

### III.   ARGUMENT

#### A.   Rule 12(b)(6) standard under *Twombly* and *Iqbal*.

For the purposes of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the facts alleged in the complaint are presumed, but not admitted, to be true. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citing *Erickson v.*

*Pardus*, 551 U.S. 89 (2007), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570); *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016); *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although factual assertions in the complaint are entitled to the assumption of truth, a claim may be dismissed if the plaintiff has pleaded himself out of court by alleging facts demonstrating he has no viable claim. *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008); *Roppo v. Travelers Companies*, 2015 WL 1777469, at *3 (N.D. Ill. Apr. 16, 2015) (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006)). Furthermore, legal conclusions or threadbare recitations of the elements of a cause of action are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555).

In the interest of justice and economy, every effort should be made by the district court from the start of a case to determine its likely merit and guide it to as swift a conclusion as is consistent with doing justice to the parties. *Milam v. Dominick's Finer Foods, Inc.*, 588 F.3d 955, 958-59 (7th Cir. 2009). The *Twombly* and *Iqbal* decisions emphasize the importance of prompt dismissal of unmeritorious cases. *Id.*

> **B.     The complaint does not plead an individual or *Monell* claim against the sheriff.**

The complaint does not specify whether Myers is being sued for an individual act on his part or to bring a claim against office of the Bartholomew County sheriff. Nor does it allege that

sheriff Myers personally participated in deciding where Halligan was housed, how much time he was allowed outside his cell, or how often his status would be reviewed. There are no facts pleaded to connect the subject housing determinations to a policy or custom of the sheriff's office.

Myers cannot be individually liable as a "supervisor" of jail personnel responsible for housing assignments. "Section 1983 'does not allow actions against individuals merely for their supervisory role of others.'" *Doe v. Purdue Univ.*, 928 F.3d 652, 664–65 (7th Cir. 2019) (quoting *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000)). To state a claim against Myers individually, Halligan would have to plead facts which if true would show that Myers "was personally responsible for the deprivation of a constitutional right." *Otten v. Lake County Sheriff's Dep't.*, No. 2:16-CV-82-PRC, 2016 WL 6963960, at *2 (N.D. Ind. Nov. 29, 2016) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). For a supervisor to be liable, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe*, 928 F.3d at 664 (internal quotes omitted).

Here the facts pleaded and presumed true[1] are that Halligan was housed in areas of the jail where he was either denied exercise or remained locked in his cell 23 hours per day, he was assigned to segregation despite not having violated a jail rule and without a disciplinary hearing or a 30-day review of his status. The complaint does not identify any individual responsible for the decisions related to Halligan's housing assignments. There are no facts alleged that sheriff Myers personally participated in deciding where he would be housed and how often he would be allowed out of his cell, knew about the housing assignments, or turned a "blind eye" to these circumstances. He cannot be individually liable under section 1983 simply because as sheriff he

---

[1] Myers denies the complaint accurately sets forth the subject events but presumes the facts pleaded to be true for the purpose of this motion only.

has overall supervisory responsibility for the jail. *See* Ind. Code § 36-2-13-5(a)(7) (listing a power and duty of an Indiana sheriff to "take care of the county jail and the prisoners there").

Nor does section 1983 allow official capacity or entity liability on the part of the office of the sheriff based on any constitutional violations by employees of the sheriff's department. It is well-established that a governmental entity defendant cannot be held liable for constitutional violations on the basis of *respondeat superior*. *Glisson v. Indiana Dep't of Corrections*, 849 F.3d 372, 378–79 (7th Cir. 2017) (en banc).

*Monell v. Dept. of Social Svcs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), instructs that political subdivisions can be liable under section 1983 only where it is established that the political subdivision, in executing official policy or practice, caused the constitutional deprivation. An entity's policy or practice must be the "direct cause" or "moving force" behind the constitutional violation. *Connick v. Thompson*, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011); *Wilson v. Cook County*, 742 F.3d 775, 779 (7th Cir. 2014) (quoting *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012)).

Unconstitutional policies or customs can take three forms: 1) an express policy that, when enforced, causes a constitutional deprivation; 2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or 3) where the constitutional injury was caused by a person with final policymaking authority. *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008). The plaintiff must prove that a municipal policy is at issue rather than a random event. *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005).

The complaint merely recounts the circumstances of Halligan's housing assignments. There are no facts pleaded concerning policies or customs related to classification and housing

inmates at the Bartholomew County jail or exercise opportunities or time of the cell for inmates in holding or segregation.

In *McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011), the decedent was killed by her ex-boyfriend who had been recently paroled. Her estate brought an equal protection *Monell* claim against the City of Chicago alleging the city had inadequate policies to protect victims of domestic violence. *Id.* at 617. Specifically, the complaint alleged:

> [The City], through its agents, employees and/or servants, acting under color of law, at the level of official policy, practice, and custom, with deliberate, callous, and conscious indifference to McCauley's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint, [the City] had interrelated de facto policies, practices, and customs.

*Id.*

The Seventh Circuit held these allegations were insufficient to withstand a motion to dismiss under *Iqbal/Twombly*. The allegations that the city's policies were constitutionally deficient were no more than legal conclusions devoid of any factual allegations that would show a violation of decedent's constitutional rights. *Id.* at 618 (the legal elements of the claim "contribute[d] nothing to the plausibility analysis under *Twombly/Iqbal*"); *see also*, *Burton v. City of Franklin*, 2018 WL 1504132 (S.D. Ind. Mar. 27, 2018) (allegation by a terminated police officer that the chief's decision to seek his termination was part of a systematic effort to replace older experienced officers with younger ones was a boilerplate legal conclusion which would be disregarded in assessing whether the complaint stated a *Monell* claim); *Johnson v. Layton*, 2014 WL 1515920, at *4 (S.D. Ind. Apr. 18, 2014) (allegations a county hospital had policies or customs of failing to timely investigate a rape, ignoring the seriousness of sexual assaults and the victims, and intentionally discriminating against uncooperative female arrestees brought to the hospital were conclusory allegations that could not survive a motion to dismiss).

Here the complaint lacks even the boilerplate allegations found insufficient in *McCauley* and the district court cases cited above. There are no facts pleaded which would support a plausible inference that the sheriff's department adhered to unconstitutional policies or customs related to housing assignments. Nor are there facts pleaded showing a pattern of constitutional violations that would have put sheriff Myers on notice of jail staff of repeatedly violating inmates' constitutional rights through housing assignments or limitations of movement for inmates in certain types of housing. *See Calderone v. City of Chicago*, 979 F.3d 1156, 1164 (7th Cir. 2020) (*Monell* liability can be established by showing the policy at issue is unconstitutional or that the entity was put on notice of a "series of bad acts" by employees sufficient to create an inference that officials were aware of and condoned misconduct by employees) (quoting *Minix . Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010)).

It appears Halligan is suing Myers only because he is the sheriff. His status, however, is not a basis for individual or *Monell* liability for alleged constitutional torts by jail personnel. Therefore, the complaint does not plead a plausible claim against him and must be dismissed.

### IV.    CONCLUSION

Halligan's complaint fails to plead an individual or *Monell* claim against Myers. Therefore, the Court should grant Myers' motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted.

                          Respectfully submitted,

                          STEPHENSON MOROW & SEMLER

                          *s/ Rosemary L. Borek*
                          Rosemary L. Borek, Attorney No. 20036-41
                          Attorney for defendant
                          Sheriff Matt Myers

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2021, a copy of the foregoing was filed electronically.

Notice of this filing will also be sent to the following parties via U.S. Mail, postage prepaid.

Ryan T. Halligan
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201

                                  *s/ Rosemary L. Borek*
                                  Rosemary L. Borek

STEPHENSON MOROW & SEMLER
3077 E. 98th Street, Suite 240
Indianapolis, IN 46280
Telephone: (317) 844-3830
Fax: (317) 573-4194
Email: rborek@stephlaw.com

21-7230/trw