UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RYAN T. HALLIGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01008-TWP-TAB |
| | ) | |
| MATT MYERS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT
AND GRANTING PLAINTIFF'S MOTION TO STATE CLAIM**

This matter is before the Court on Defendant Matt Myers ("Sheriff Myers") Motion to Dismiss for Failure to State a Claim (Dkt. 11) and Plaintiff Ryan T. Halligan's filing titled Motion to State Facts for Claim. Halligan, a Bartholomew County Jail inmate, brought this action in state court against the defendant Sheriff Myers, alleging that Halligan had been placed in disciplinary segregation without cause in violation of his constitutional rights. Sheriff Myers removed the case from Bartholomew Superior Court and now moves to dismiss the complaint. Dkt. 11. In response, Halligan has moved to state facts in support of his claim. Dkt. 14. For the reasons discussed in this Order, Sheriff Myers' motion to dismiss, dkt. [11], is **granted** and Halligan's motion to state facts in support of his claim, dkt. [14], is **granted**. Halligan shall have **through July 19, 2021**, in which to file an amended complaint or final judgment will be entered.

**I.
Motion to Dismiss**

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all

permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

Sheriff Myers argues that the complaint should be dismissed because it does not allege that he was personally involved in placing Halligan in segregation. In response, Halligan argues that Myers, as Sheriff, is responsible for the actions of other jail employees. Halligan is incorrect. "For constitutional violations under § 1983 . . . a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (citation and quotation marks omitted). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted).

Sheriff Myers, as sheriff of Bartholomew County, could also be liable for enacting or enforcing a policy or practice that led to Halligan's placement in segregation. But the complaint makes no allegation that Sheriff Myers enacted or enforced such a policy. In the absence of any allegations of Sheriff Myers' personal involvement in Halligan's placement in segregation, the complaint is **dismissed** for failure to state a claim upon which relief may be granted.

## II.
## Motion to State Facts for Claim

Halligan's motion to state facts for claim alleges that Officers Pattingill and Oldham and Jail Commander John Martoccia placed him in segregation. Dkt. 14. The Court construes Halligan's motion as a motion to amend his complaint. The motion, dkt. [14], is **granted to the extent** that Halligan shall have **through July 19, 2021**, in which to submit an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an

opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Halligan files an amended complaint, the amended complaint should include the case number referenced in the caption of this Order, and the words "Amended Complaint" on the first page. The amended complaint must be "a short and plain statement of the claim showing that [Halligan] is entitled to relief. . . . ," and that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)).

In addition, because an amended complaint completely replaces the currently operative complaint, it must be a complete statement of the Halligan's claims, including the factual basis of those claims, the defendants responsible for the alleged harm, and the relief sought by the plaintiff. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

If Halligan timely files an amended complaint, the Court will screen it. If he fails to timely file an amended complaint, the Court will enter final judgment without further warning.

### III.
### Conclusion

Sheriff Myers' motion to dismiss, dkt. [11], is **granted** and Halligan's motion to state facts in support of his claim, dkt. [14], is **granted to the extent that** Halligan shall have **through July 19, 2021**, in which to file an amended complaint or final judgment will be entered.

The **clerk is directed** to include a complaint form with Halligan's copy of this Order.

**IT IS SO ORDERED.**

Date: 6/16/2021

                                                    Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RYAN T. HALLIGAN
24908
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com