UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN T. HALLIGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MATT MYERS, )<br>)<br>Defendant. ) | No. 1:21-cv-01008-TWP-TAB |

**Order Dismissing Amended Complaint and Providing Opportunity to Show Cause**

The defendant removed this case from Bartholomew Superior Court and paid the filing fee. Dkt. 1. The plaintiff is a prisoner currently incarcerated at the Bartholomew County Jail, in Columbus, Indiana. He alleges that he was placed in the jail's segregation unit in violation of his Fourteenth Amendment rights.

After removal, the defendant moved to dismiss the complaint for failure to state a claim because the complaint did not allege that the defendant was personally involved in the alleged constitutional violation. Dkt. 11. In response, the plaintiff moved to state additional facts in support of his claim. Dkt. 14. The Court granted both motions and gave the plaintiff an opportunity to file an amended complaint. Dkt. 16. The Court now screens the amended complaint.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court

applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Amended Complaint

The amended complaint names three defendants: James Oldham, Devon Pattingill, and John Martoccia. The plaintiff alleges that the defendants placed him in administrative segregation without due process because of the nature of the charges he faces. He seeks monetary damages.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

"A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard," but "no process is required if he is placed in segregation not as punishment but for managerial reasons." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). "[N]o hearing would be required" if an inmate "was placed in segregation to protect himself from other prisoners, or to protect jail staff from his violent propensities." *Id.*

The plaintiff alleges that he was placed in segregation because of the charges he faces. In the absence of additional factual allegations, the Court infers that the defendants placed the plaintiff in segregation, not as punishment, but for the managerial reason of protecting him and

other inmates due to the nature of the charges he faces. No due process is required under such circumstances. *Higgs*, 286 F.3d at 438.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the amended complaint is subject to dismissal.

### IV. Opportunity to Show Cause

The plaintiff's amended complaint must be dismissed for the reasons set forth above. He shall have **through September 29, 2021,** in which to show cause why Judgment consistent with this Order should not issue or to file a second amended complaint addressing the deficiencies noted in this Order. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**IT IS SO ORDERED.**

Date: 9/2/2021

                                                  Hon. Tanya Walton Pratt, Chief Judge
                                                  United States District Court
                                                  Southern District of Indiana

Distribution:

RYAN T. HALLIGAN
24908
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com