UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN T. HALLIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-01008-TWP-TAB |
| ) | |
| MATT MYERS, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO AMEND COMPLAINT, MOTION FOR EXTENSION OF TIME, AND MOTION FOR GUIDANCE, SCREENING SECOND AMENDED COMPLAINT, AND DIRECTING SERVICE OF PROCESS**

This matter is before the Court on *pro se* Plaintiff Ryan T. Halligan's ("Halligan") Motion for Second Amended Complaint, (Dkt. 23), and Motion for Enlargement of Time to amend complaint, (Dkt. 22). Halligan, a prisoner currently incarcerated at the Bartholomew County Jail, in Columbus, Indiana initiated this action alleging that defendant Sheriff Matt Myers ("Myers") placed him in segregation without a disciplinary report, hearing, or periodic reviews in violation of his Fourteenth Amendment rights. For the reasons stated below, Halligan's Motion to amend his complaint, (Dkt. 23), is **granted**. His Motion for an extension of time to amend his complaint, (Dkt. 22), is **granted to the extent that** his second amended complaint is deemed timely. The **Clerk is directed** to modify the docket text to reflect that Docket 23 is now the Second Amended Complaint. Because Halligan is a prisoner, the Court is obligated under 28 U.S.C. § 1915A(a) to screen his Second Amended Complaint.

## I. SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915A(b), the court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. PROCEDURAL BACKGROUND

Myers removed this case from Bartholomew Superior Court and paid the filing fee. (Dkt. 1.) After removal, Myers moved to dismiss the Complaint for failure to state a claim because the Complaint did not allege that he was personally involved in the alleged constitutional violation. (Dkt. 11.) In response, Halligan moved to state additional facts in support of his claim. (Dkt. 14.) The Court granted both motions and gave Halligan an opportunity to file an amended complaint. (Dkt. 16.) The Amended Complaint named three defendants—James Oldham, Devon Pattingill, and John Martoccia—and alleged that they placed him in segregation due to the nature of the charges pending against him. (Dkt. 17.) The Court dismissed the Amended Complaint because the factual allegations against the defendants did not state a viable constitutional claim, and gave Halligan an opportunity to amend his complaint or show cause why this action should not be dismissed. (Dkt. 19.) Halligan responded with a motion to amend his complaint and attached the proposed second amended complaint.

The Second Amended Complaint names the same three defendants as Halligan's first amended complaint: James Oldham, Devon Pattingill, and John Martoccia.  Halligan alleges that he has been in administrative segregation for approximately one year without periodic reviews of his placement.  He also alleges that he spent his first three weeks as a pretrial detainee in a holding cell 24 hours a day, with no recreation time.  He alleges violations of the Fourth Amendment, Eighth Amendment, Due Process Clause, and Equal Protection Clause.  He seeks monetary damages.

### III.  DISCUSSION

Applying the screening standard to the facts alleged in the Second Amended Complaint, some claims shall proceed, and others shall be dismissed.

Although the Second Amended Complaint again fails to allege that the defendants are responsible for the constitutional violations alleged in the Second Amended Complaint, the Court construes Halligan's *pro se* complaint liberally to allege that the three named defendants have personally participated in Halligan's continued placement in segregation.

Halligan's Fourth Amendment seizure claim and Fourteenth Amendment equal protection claim are **dismissed** for failure to state a claim.  Halligan bases his Fourth Amendment claim on the three weeks he was held in a cell for 24 hours per day.  He alleges that this was inhumane.  These factual allegations support a claim under the Fourteenth Amendment, rather than the Fourth or Eighth Amendment, because Halligan was a pretrial detainee at the time of the alleged events.[1] *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018) (applying objective unreasonableness standard under the Fourteenth Amendment to pretrial detainee's conditions of confinement claims).

---

[1] *See State v. Halligan*, 03D01-2010-F1-005239, docket available at https://public.courts.in.gov/mycase/#/vw/Search, last visited November 19, 2021. The state court docket reflects that Halligan entered a plea agreement on October 29, 2021, and is scheduled for sentencing on November 30, 2021.

3

"The Equal Protection Clause of the Fourteenth Amendment prohibits intentional and arbitrary discrimination." *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 696 (7th Cir. 2015). To state an equal protection claim, a plaintiff must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). There is no allegation which suggests that Halligan was treated differently because he is a member of a protected class.

### IV. CONCLUSION AND SERVICE OF PROCESS

Halligan's Fourteenth Amendment claims that the defendants housed him in a holding cell for approximately three weeks with no time outside his cell and that they have housed him in segregation for approximately one year with no periodic review of his placement **shall proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Halligan believes that additional claims were alleged in the Second Amended Complaint, but not identified by the Court, he shall have **through Monday, December 20, 2021**, by which to identify those claims.

Halligan's Motion for Second Amended Complaint, (Dkt. [23]), is **GRANTED**. The Second Amended Complaint at Docket 23 is now the operative complaint in this action. Halligan's Motion for Enlargement of Time, (Dkt. [22]), is **GRANTED to the extent that** his Second Amended Complaint is deemed timely.

Halligan's motion for guidance in seeking counsel, (Dkt. [21]), is **GRANTED to the extent that** he is hereby informed that the Court does not maintain a list of attorney contacts. If Halligan has exhausted his ability to seek counsel on his own, he may renew his motion for assistance

recruiting counsel. The **Clerk is directed** to send Halligan a motion for assistance recruiting counsel form, which he must use if he chooses to renew his motion.

The **Clerk is also directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process electronically to defendants James Oldham, Devon Pattingill, and John Martoccia in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the Second Amended Complaint, (Dkt. 23), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Finally, the **Clerk is directed** to terminate Sheriff Matt Myers as a defendant and to add James Oldham, Devon Pattingill, and John Martoccia as defendants on the docket.

**SO ORDERED.**

Date: 11/22/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

RYAN T. HALLIGAN, #24908
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, Indiana  47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

James Oldham
Bartholomew County Sheriff's Office
543 2nd Street
Columbus Indiana  47201

Devon Pattingill
Bartholomew County Sheriff's Office
543 2nd Street
Columbus Indiana  47201

John Martoccia
Bartholomew County Sheriff's Office
543 2nd Street
Columbus Indiana  47201