UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RYAN T. HALLIGAN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO.:  1:21-cv-1008-TWP-TAB |
| | ) | |
| JAMES OLDHAM, | ) | |
| DEVON PATTINGILL, | ) | |
| JOHN MARTOCCIA, | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Come now defendants James Oldham, Devon Pattingill, and John Martoccia, and for their answer and affirmative defenses to the amended complaint [Dkt. 23], state as follows:

1.      Defendants admit the allegations in paragraph 1.

2.      Defendants admit plaintiff was housed in holding cell 7 but deny that he was housed there until November 20, 2020.  They also deny all remaining allegations and inferences in paragraph 2.

3.      Defendants admit that plaintiff was moved to J block which was a segregation block at the time he was housed there and that consequently he remained in his cell for 23 hours per day on most days.  They deny that he was transferred to J block on November 20, 2020 and deny any remaining allegations and inferences in paragraph 3.

4.      Defendants admit that inmates in holding cells do not generally receive an hour out of their cells per day but lack sufficient knowledge of time spent by plaintiff out of his cell to admit or deny the remaining allegations in paragraph 4.

5.      Defendants admit that plaintiff was not held in segregation due to a disciplinary violation and therefore did not have a disciplinary hearing but deny all remaining allegations and inferences in paragraph 5.

6.      Defendants deny the allegations in paragraph 6.

**First claim for relief-Cruel and Unusual Punishment**

7.      Defendants incorporate by reference their answers to paragraphs 1 through 6 as their answer to paragraph 7 as though set forth herein.

8.      The Court's screening order dismisses this count by noting that plaintiff was a pretrial detainee and that the facts alleged do not support an Eighth Amendment claim [Dkt. 24 at 3].  To the extent the Eighth Amendment claim was not dismissed, defendants deny the allegations in paragraph 8.

9.      The Court's screening order dismisses this count by noting that plaintiff was a pretrial detainee and that the facts alleged do not support an Eighth Amendment claim [Dkt. 24 at 3].  Moreover paragraph 9 appears to be a heading rather than an averment of fact or law that requires an answer from defendants.  To the extent this paragraph contains an averment requiring an answer, defendants deny any allegations or inferences in paragraph 9.

WHEREFORE, the defendants James Oldham, Devon Pattingill, and John Martoccia, deny the plaintiff is entitled to any relief whatsoever against them.

**Second claim for relief-Procedural Due Process**

10.     Defendants incorporate by reference their answers to paragraphs 1 through 9 as their answer to paragraph 10 as though set forth herein.

11.     Defendants admit plaintiff was not placed in administrative segregation for a disciplinary violation and therefore did not have a disciplinary hearing.  They deny plaintiff was entitled to a hearing and any remaining allegations and inferences in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

13.     Paragraph 13 appears to be a heading rather than an averment of fact or law that requires an answer from defendants.  To the extent this paragraph contains an averment requiring an answer, defendants deny any allegations or inferences in paragraph 13.

WHEREFORE, the defendants James Oldham, Devon Pattingill, and John Martoccia, deny the plaintiff is entitled to any relief whatsoever against them.

**Third claim for relief-Equal Protection**

14.     Paragraph 14 appears to be a heading rather than an averment of fact or law that requires an answer from defendants, and this count was dismissed by the Court's screening order [Dkt. 24 at 4].

15.     Defendants incorporate by reference their answers to paragraphs 1 through 14 as their answer to paragraph 15 as though set forth herein.

16.     This count was dismissed pursuant to the Court's screening order [Dkt. 24 at 4].

17.     Paragraph 17 appears to be a  heading rather than an averment of fact or law that requires an answer from defendants, and this count was dismissed pursuant to the Court's screening order [Dkt. 24 at 4].

WHEREFORE, the defendants James Oldham, Devon Pattingill, and John Martoccia, deny the plaintiff is entitled to any relief whatsoever against them.

**Fourth claim for relief-Illegal Search and Seizure**

18.     Defendants incorporate by reference their answers to paragraphs 1 through 17 as their answer to paragraph 18 as though set forth herein.

19.     This count was dismissed pursuant to the Court's screening order [Dkt. 24 at 3].

20.     Paragraph 20[1] appears to be a heading rather than an averment of fact or law that requires an answer from defendants, and any Fourth Amendment claims were dismissed pursuant to the Court's screening order [Dkt. 24 at 3].

WHEREFORE, the defendants James Oldham, Devon Pattingill, and John Martoccia, deny the plaintiff is entitled to any relief whatsoever against them.


21.     Defendants admit plaintiff is suing for alleged violations of federal law and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 but deny any liability under any theory whatsoever.

22.     Defendants admit plaintiff is not suing under state law and deny that he is entitled to relief under any theory whatsoever.

23.     Plaintiff's demand for a jury trial is not an averment requiring an answer from these defendants.

24.     Defendants deny plaintiff suffered a loss of liberty or freedom, emotional distress, mental anguish, or any compensable damages as a result of a violation of his constitutional rights by defendants or by any wrongdoing by them whatsoever.

---

[1] The remaining allegations and statements in the amended complaint are not numbered [Dkt. 23 at 4].  For ease of reference, defendants are using sequential numbers to refer to the remaining allegations and statements.

**Prayer for relief**

26.     Defendants deny that plaintiff is entitled to monetary damages or any relief whatsoever.

**General Denial**

Any allegations, whether of fact or law, in the amended complaint not specifically admitted or denied herein are hereby denied.  Defendants reserve the right to amend their answer as justice may require.

WHEREFORE, the defendants James Oldham, Devon Pattingill, and John Martoccia, deny the plaintiff is entitled to any relief whatsoever against them.

## AFFIRMATIVE DEFENSES

Defendants James Oldham, Devon Pattingill, and John Martoccia, for their affirmative defenses to the amended complaint, state as follows:

1.     Oldham, Pattingill, and Martoccia are entitled to qualified immunity because their conduct did not violate any constitutional or statutory rights which were clearly established as of the dates of the incidents set forth in the amended complaint.

2.     Any lack of opportunity to exercise during the time in which plaintiff was housed in a holding cell did not amount to a constitutional deprivation.

3.     Because plaintiff was held in administrative segregation for managerial rather than disciplinary reasons, he was not entitled to a hearing.

4.     Plaintiff's claim concerning his confinement in a holding cell is barred by the Prison Litigation Reform Act (PLRA) due to failure to exhaust administrative remedies.  42 U.S.C. § 1997e(a).

5.      Any state law claims are barred by plaintiff's failure to fulfill the notice requirements of the Indiana Tort Claims Act, Ind. Code 34-13-3-8, 10 and 12.

6.      Any state law claims are barred by any and all applicable immunities contained within the Indiana Tort Claims Act.

7.      Any negligence claim is barred by contributory negligence and assumption of risk.

8.      Plaintiff has failed to mitigate his damages.

WHEREFORE, the defendants James Oldham, Devon Pattingill, and John Martoccia, pray for judgment in their favor, costs and all other proper relief.

Respectfully submitted,

STEPHENSON MOROW & SEMLER

_s/ Rosemary L. Borek_
Rosemary L. Borek, Attorney No. 20036-41
Attorney for defendants
James Oldham, Devon Pattingill,
and John Martoccia,

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 20, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Notice of this filing will also be sent to the following parties via U.S. Mail, postage prepaid.

Ryan T. Halligan
Bartholomew County Jail
543 2nd Street
Columbus, IN  47201

_s/ Rosemary L. Borek_
Rosemary L. Borek

STEPHENSON MOROW & SEMLER
3077 E. 98th Street, Suite 240
Indianapolis, IN 46280
Telephone: (317) 844-3830
Fax: (317) 573-4194
Email: rborek@stephlaw.com

21-7230/mmi

7