UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN T. HALLIGAN, | ) |
|                 Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-01008-TWP-TAB |
| JAMES OLDHAM, DEVON PATTINGILL, and JOHN MARTOCCIA, | ) |
|                 Defendants. | ) |

**ORDER GRANTING DEFENDANTS'
PARTIAL MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants James Oldham's, Devon Pattingill's, and John Martoccia's (collectively, "the Defendants") Motion for Partial Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies (Dkt. 42). Plaintiff Ryan T. Halligan ("Halligan"), an inmate in the Indiana Department of Correction, brought this action under 42 U.S.C. § 1983 alleging the Defendants violated his Fourteenth Amendment rights by denying him recreation time and by placing him in long-term segregation without a penological reason and without periodic review while he was incarcerated at Bartholomew County Jail in Columbus, Indiana. Defendants seek summary judgment on Halligan's conditions of confinement claim and argue that he failed to timely exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. For the reasons stated below, the Defendants' Motion for partial summary judgment is **granted**.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of

Civil Procedure 56(a).  A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.

In ruling on a motion for summary judgment, the court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder.  *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).  The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II. EXHAUSTION STANDARD

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).  The substantive law applicable to this

motion for summary judgment is the PLRA, which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

As the party asserting the exhaustion defense, the Defendants bear the burden of establishing that the administrative remedies upon which they rely were available to Halligan. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

### III.  FACTS

Halligan was arrested and booked into the Bartholomew County Jail ("the Jail") on October 27, 2020.  (Dkt. 49 at 2.)  He was held in two different holding cells until November 20, 2020, when he was moved to a segregation block.  *Id*. at 2-3.  While in the holding cells, he was not let out of his cell for exercise.  Once he moved to the segregation block, he received one hour per day of recreation time.  *Id*. at 2.

The Jail has a grievance process which requires inmates to submit a grievance form within 72 hours of the grieved incident.  If the inmate disagrees with the response, he may appeal to the Jail Commander. (Dkt. 42-1 at 5.)  The Defendants assert that Halligan received a copy of the Jail handbook, which includes the grievance policy, and that he signed an acknowledgement that he had received it.  *Id*. at 10.  Halligan denies that he received the handbook during intake and asserts that his signature on the acknowledgement form is forged.  (Dkt. 49 at 5-6.)

Halligan does not dispute that he filed his first grievance on November 10, 2020, while he was still being held in a holding cell.  That grievance related to medical expenses which Halligan contested. (Dkt. 42-1 at 11.)  Nor does he dispute that he had access to the handbook when he was transferred to a cellblock but failed to submit a grievance form regarding the lack of recreation.  On March 11, 2021, Halligan filed a grievance stating "I was being confined in the holding 3 and I was without an hour out on 10-27-20 to 11-20-20."  *Id*. at 29.  This grievance was filed over three months after the 72 hour deadline to grieve had expired.

### IV.  DISCUSSION

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies.  *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).  The Jail grievance policy required Halligan to grieve

his lack of recreation time within 72 hours of the last occurrence. Halligan does not dispute that he failed to do so. Instead, he argues that he did not receive the Jail handbook when he was booked into the Jail. But it is clear from the record that he learned of the grievance policy at least by November 10, 2020, when he filed his first grievance. He also does not dispute that he had access to the Jail handbook after he was moved to a cell block and could have grieved the lack of recreation within 72 hours of being moved to the block. His March 2021 grievance was filed outside the policy's time limit.

Halligan alternatively argues that it would have been futile to exhaust the grievance process, but the PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

Halligan has not raised a dispute of material fact as to whether he grieved the lack of recreation time while he was held in a holding cell in October and November 2020, as required by the PLRA, before filing this lawsuit. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this claim should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### V. CONCLUSION

But because the undisputed record reveals that Halligan made use of the grievance process during the time he alleges being denied recreation, the Defendants' Motion for Partial Summary Judgment, Dkt. [42], is **GRANTED** as to Halligan's conditions of confinement claim.

5

Halligan's Fourteenth Amendment claim based on being held in long-term segregation without penological justification and without periodic review is proceeding. The Court will separately issue a scheduling order to facilitate further development of this action.

Because claims remain pending, no partial summary judgment shall issue at this time.

**SO ORDERED.**

Date: 8/9/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ryan T. Halligan, #150252
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, Indiana  47838

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com